IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REBEKAH OWEN AND WAYNE OWEN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:06-CV-1993-K |
| EMPLOYERS MUTUAL CASUALTY COMPANY, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss or Abate (doc. 20). Also before the Court is Plaintiffs' Second Motion for Leave to Amend Complaint (doc. 34). For the following reasons, the Court **GRANTS in part and DENIES in part** Defendant's motion, and **GRANTS in part and DENIES in part** Plaintiffs' motion to amend.

I.  **Factual Background**

On May 4, 2001, while driving on an interstate highway, Plaintiff Rebekah Owen was involved in a vehicular accident with Mark Cangelose ("Mr. Cangelose"), who was driving in the opposite direction. On June 26, 2003, Mrs. Owen and her husband Plaintiff Wayne Owen (collectively "the Owens") recovered the limits of Mr. Cangelose's insurance policy. The Owens maintained that Mr. Cangelose was under-insured because the settlement was insufficient to cover the damages they sustained. The Owens held an insurance policy issued by Defendant Employers Mutual Casualty Company

1

("Employers") which provided coverage for under-insured/uninsured motorist claims. The Owens filed an under-insured motorist claim with Employers.

The Owens filed this action in state court when Employers did not pay their under-insured motorist claim. The Owens assert causes of action for breach of contract, bad faith settlement practice under the Texas Insurance Code, and violations of Texas Deceptive Trade Practices Act, and seek attorneys' fees and damages. Employers subsequently removed the action to this Court.

II.  **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." However, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). In determining whether dismissal should be granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Capital Parks, Inc. v. S.E. Adver. and Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, the plaintiff "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881

2

(5th Cir. 1989)).

III.  Analysis

1.  Breach of Contract and Insurance Code Violation

The Owens allege Employers breached its contract by failing to pay their underinsured motorist claim under the policy's provisions. The Owens also claim Employers failed to timely pay their underinsured motorist claim. *See* TEX. INS. CODE ANN. § 542.058 and § 542.060(a) (Vernon 2008). They also assert a claim for attorneys' fees for the breach of contract and prompt payment violation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (Vernon 2008); TEX. INS. CODE ANN. § 542.060 (Vernon 2008).

The Owens' policy contains a provision for uninsured/underinsured motorists ("UIM"), providing coverage for damages "which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by an insured, or property damage caused by an accident." Employers contends in its motion to dismiss that the Owens have failed to establish their legal right to recover. Specifically, they have failed to prove a condition precedent to establishing a legal right to pursue their UIM claim, that is Mr. Cangelose's liability through a judgment. *See* TEX. INS. CODE ANN. § 1952.106 (Vernon Supp. 2007); *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

In *Brainard*, the Texas Supreme Court stated that neither filing suit against the UIM insurer nor demanding UIM benefits will trigger a contractual duty of the insurer

3

to pay. *Id.* The court held that an insurer has "no contractual duty to pay benefits [on a UIM claim] until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Id.* (citing *Henson v. Southern Farm Bureau Cas. Ins. Co.,* 17 S.W.3d 652, 653 (Tex. 2000)). The insured may certainly settle with the other motorist and then pursue UIM coverage with the insurer in litigation. *Id.* However, a settlement with the other motorist or even an admission of liability from that motorist will not in and of itself establish UIM coverage; the fact finder could conclude the other motorist was not at fault or that the insured's damages do not exceed that motorist's liability coverage. *Id.* (citing *Henson*, 17 S.W.3d at 654). Therefore, since UIM benefits turn on whether the insured is legally entitled to receive damages from a third party, the other motorist, an insurer's contractual duty to pay is not triggered until liability and damages are determined. *Id.*

In this case, the Court can find no previous determination of Mr. Cangelose's liability and uninsured/underinsured status in the record, and the Owens do not direct the Court to any such evidence. No contractual duty can arise for the insurer until an insured obtains a judgment proving the other motorist's liability and underinsured status. *See id.* Consequently, because there is no such judgment here, the Court cannot conclude that Employers breached a contractual duty that never was triggered.

To establish a claim for failure to make prompt payment, the insured must establish: (1) a claim under an insurance policy; (2) the insurer's liability for that claim; and (3) the insurer failed to comply with one or more sections of the statute regarding the

4

claim. *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291 (Tex. 2001) (construing statutory predecessor to statute at issue). The insured must prove the other motorist's liability and satisfy all the applicable policy provisions. *Id.* at 291-92. If the insured's claim is not covered by the policy, the insurer has no liability for allegedly failing to make a prompt payment. *See* TEX. INS. CODE ANN. § 542.058(b); *Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005).

The Owens' policy provides coverage for damages resulting from a UIM claim for which "the insured is legally entitled to recover[.]" As previously discussed, the Owens failed to establish they are legally entitled to recover for a UIM claim as required by the policy. *See Brainard*, 216 S.W.3d at 818. Therefore, Employers could not have violated a duty for prompt payment under the insurance code when such a duty was never triggered. The Owens failed to establish the necessary elements of the prompt payment claim.

The Owens also present claims for attorneys' fees for the breach of contract and insurance code violation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (Vernon 2008); TEX. INS. CODE ANN. § 542.060. The Owens have not established legally recoverable claims against Employers within the meaning of these statutes. Consequently, there can be no award of attorneys' fees based on these claims.

Accordingly, the Court **grants** Employers' motion to dismiss as it relates to the claims for breach of contract and failure to make prompt payment under the Texas Insurance Code.

2.  DTPA Violations

The Owens allege Employers knowingly failed to act in good faith to effectuate a prompt, fair, and equitable settlement of their claim once Employers' liability became reasonably clear. *See* TEX. INS. CODE ANN. §541.060(a)(2)(A) (Vernon 2008); TEX. BUS. & COMM. CODE ANN. § 17.50(a)(4) (Vernon 2008). They also allege separate claims for "Knowing Violation of the DTPA" and "Intentional Violation of the DTPA" which appear to relate to exemplary damages. Employers moves the Court to dismiss these claims on the basis that the Owens failed to prove the requisite condition precedent to establish their legal right to pursue their UIM claim. *See Brainard*, 216 S.W.3d at 818.

Texas law provides that an insurer is liable for bad faith in denying or postponing a claim the insurer was reasonably clear was covered under the policy. *See Universal Like Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). Generally, a bad faith claim cannot survive absent the insurer's liability under the policy; however, if the insurer's conduct is extreme in nature and causes injury in tort independent of the claim against the policy, the insurer's conduct may be deemed to be in bad faith. *See Boyd*, 177 S.W.3d at 922.

A case out of this court is instructive. *Schober v. State Farm Mutual Automobile Ins. Co.*, No. 3:06-CV-1921-M, 2007 WL 2089435 (N.D. Tex. July 18, 2007)(Lynn, J.). In that case, the court concluded that the plaintiffs' claim of bad faith as to the defendant's contractual duty to pay on the UIM claim failed because they did not satisfy the *Brainard* standard of establishing their legal right. *Id.* at *5. However, the court concluded that the defendant could still be found liable under the policy for UIM damages claimed by

6

the plaintiffs. *Id.* Therefore, the court abated those bad faith and exemplary damages claims pending the determination of the defendant's liability for the UIM damages under the policy. *Id.*

This Court follows that reasoning. The Owens' may still be entitled to and recover UIM damages under the policy. (See Amended Complaint *infra* for more detailed discussion.) As such, the Court concludes Employers' liability under the policy for UIM damages should be determined first, then the DTPA and bad faith claims should be addressed. Accordingly, the Court **denies** Employers' motion to dismiss the Owens' claims for bad faith and exemplary damages and **abates** them pending determination of Employers' liability for their UIM damages under the policy.

3. **Amended Complaint**

The Owens filed a motion for leave to amend their complaint seeking to add a cause of action for declaratory judgment related to their rights under their insurance policy issued by Employers, reducing their requested damages to $500,000, and seeking to add a respondeat superior claim related to Employers' liability for their employees Jack Wood and Debra L. McCartney, whom the Owens seek to name as Defendants.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court "should freely give leave [to amend a pleading] when justice so requires." FED. R. CIV. P. 15(a)(2). It is within the district court's discretion whether justice dictates leave should be granted or denied. *See Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). Factors the court may consider include "'undue delay, bad faith or dilatory motive on the part of the

7

movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

First, the Court addresses the requested amendment to add a respondeat superior claim and to name two new defendants, Jack Wood and Debra L. McCartney, both employees of Employers and adjusters on the Owens' claim. The Court **denies** leave to add this respondeat superior claim and add two defendants. These proposed amendments come too late in the case, leading the Court to conclude that Employers would certainly be prejudiced by their addition. *See Little*, 952 F.2d at 846 (court may consider undue prejudice to the opposing party).

Next, the Court addresses the proposed declaratory relief action and amendment of the requested damages. The Court concludes that justice requires leave be granted for these amendments. FED. R. CIV. P. 15(a)(2). The Court finds there was no undue delay, bad faith, or dilatory motive on the part of the Owens in seeking leave to make these amendments. *See id.* Furthermore, there have been no repeated failures to cure any deficiencies and amending the complaint would not be futile. *See id.* In making this determination, the Court considered the fact that the *Brainard* opinion was issued approximately two months after the Owens' filed the underlying state court action; further support of the Court's conclusion that justice requires these two amendments be permitted.

Employers claims it will suffer undue prejudice if the Court allows the amendment,

8

arguing it will be "forced to litigate an action with no opportunity to conduct discovery." The new declaratory judgment action requires a determination of the Owens' legal entitlement to recover from Mr. Cangelose damages which resulted from the vehicular accident. The Court is hard pressed to believe that Employers has not "had a chance to appropriately investigate the underlying facts." The underlying facts, the vehicular accident, form the basis of this action. However, should Employers conclude additional discovery is needed, the Court will entertain a motion to conduct additional, <u>limited</u> discovery. The Court **grants** Plaintiffs' motion for leave to add the declaratory judgment action and amend the damages.

The Court notes that as part of the declaratory judgment request, and when liberally viewed under notice pleading, the Owens must establish Employers' liability for UIM damages under the policy. In proving up the declaratory relief claim, the Owens will be required to establish they were legally entitled to recover damages from Mr. Cangelose, as required under the policy's language. The Texas Supreme Court addressed how an insured establishes UIM coverage. *Brainard*, 216 S.W.3d at 818 (UIM benefits turn on whether the insured is legally entitled to recover damages from the other motorist, so insurer has no duty to pay UIM benefits until insured secures a judgment establishing liability and underinsured status of other motorist).

For the foregoing reasons, the Court **grants in part and denies in part** Plaintiffs' motion for leave to amend.

IV.     Conclusion

For the foregoing reasons, the Court **grants** the Owens' motion for leave to amend their complaint as to the amount of damages of $500,000; all other requested amendments are **denied**. The Court **grants** Employers' motion to dismiss as to the claims for breach of contract and failure to make prompt payment under the Insurance Code. The Court **denies** Employers' motion to dismiss as to the claim for bad faith and exemplary damages, and **abates** them pending the resolution of Employers' liability for any UIM damages under the policy.

SO ORDERED.

Signed March 28th, 2008.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE